IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **Jennifer Auer Jordan**, and **ShaMiracle J. Rankin,**<br><br>Plaintiffs,<br><br>vs.<br><br>**Victoria S. Darrisaw, James Coursey, Jr.,** and **Warren Selby,** in their official capacities as members of the Special Committee on Judicial Election Campaign Intervention of the Judicial Qualifications Commission,<br><br>Defendants. | Case No. _____<br><br><br>**Plaintiffs' Motion for Leave to File Under Seal** |

Plaintiffs Jennifer Auer Jordan and ShaMiracle J. Rankin respectfully move this Court, pursuant to Middle District of Georgia Local Rule 5.4(C), for leave to file multiple pleadings under seal.

**Documents Requested to be Filed Under Seal**

Plaintiffs request leave to file the following documents under seal:

- Plaintiffs' Verified Complaint;

- Plaintiffs' Motion for a Temporary Restraining Order and a

  Preliminary Injunction; and

- Plaintiffs' Motion for an Expedited Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

## Argument and Citation of Authority

### I.    Standard of Review

In both civil and criminal cases, courts recognize a presumption in favor of public access to court records that is grounded in "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). A party may overcome this presumption, however, by demonstrating "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (explaining that restricting access to court filings may be appropriate if a litigant establishes "a sound basis or legitimate need to take judicial action" preventing public disclosure). Restricting access to court filings may be warranted when "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing

the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted).

## II.    Closure is Essential to Prevent Injury to Plaintiffs and this Motion is Narrowly Tailored

Simply put: Plaintiffs seek redress from this Court to prevent irreparable harm. Harms that touch upon the constitutional and statutory rights of political parties, candidates, and voters are generally not compensable by money damages and are therefore considered irreparable. *See, e.g., Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *League of Women Voters v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012); *Williams v. Salerno*, 792 F.2d 323, 326 (2d Cir. 1986); *Ga. State Conference of the NAACP v. Fayette Cnty. Bd. of Comm'rs*, 118 F. Supp. 3d 1338, 1347 (N.D. Ga. 2015). Defendants have started a process that could result in the issuing of a public statement critical of Plaintiffs in the midst of a contentious election after voting has already begun.[1]

Unless Plaintiffs are able to file their Complaint and Motion for Temporary Restraining Order and Preliminary Injunction under seal, the allegations against Plaintiffs—which Plaintiffs must specifically detail in

---

[1] Advance (early) voting for Georgia's 2026 nonpartisan election began April 27, 2026.

these pleadings—will naturally become public. This result would both force Plaintiffs to cause the harm they seek to prevent with the filing of this action and, potentially, jeopardize their Article III standing. *See Barrow v. Hydrick*, No. 1:24-cv-1975-MLB, 2024 U.S. Dist. LEXIS 88087, at *8-11 (N.D. Ga. May 16, 2024) ("[Plaintiff] could have filed his complaint (and his motion seeking injunctive relief) under seal. But he decided not to do so. He chose to announce the allegations against him. . . . In the light of the allegations Plaintiff published and the further discussion he caused, the Court concludes Plaintiff does not face any threat of injury from a potential statement by the Special Committee."). Thus, closure is essential to prevent the harm for which Plaintiffs seek redress from this Court. *See United States v. Castillo*, 730 Fed. App'x 892, 893 (11th Cir. 2018) ("In deciding whether an interest is sufficient to warrant sealing part of the record, the district court must consider, among other factors . . . the degree and likelihood of injury if the information were released . . . .").

Further, Plaintiffs' motion is narrowly tailored. Plaintiffs do not seek closure of this entire action, merely the pleading and motions referenced above (and any responses to those motions) which must include detailed allegations Defendants intent to make against Plaintiffs in a public forum after the election has begun. Moreover, Plaintiffs do not seek the permanent closure of these pleadings, as the Court may decide that after the election has

been conducted, the pleadings should be unsealed pursuant to Middle District of Georgia Local Rule 5.4(C).

## Conclusion

For the reasons discussed above, Plaintiffs request the Court grant their application for leave to file the above-referenced pleadings under seal.

Respectfully submitted this 30th day of April, 2026.

**/s/ Roy E. Barnes**
Roy E. Barnes
Georgia Bar No. 039000
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060
(770) 419-8505
roy@barneslawgroup.com

**/s/ S. Lester Tate, III**
S. Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

**/s/ Bryan L. Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

**/s/ W. Matthew Wilson**
W. Matthew Wilson
Georgia Bar No. 392385
Bell Wilson Law, LLC
750 Piedmont Avenue NE
Atlanta, Georgia 30308
(678) 916-8758
matthew@bellwilsonlaw.com

*Attorneys for Plaintiffs*