**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JENNIFER AUER JORDAN, and SHAMIRACLE J. RANKIN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 1:26-CV-57 (LAG) |
| | : | |
| VICTORIA S. DARRISAW, JAMES COURSEY, JR., and WARREN SELBY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Before the Court is Plaintiffs Jennifer Auer Jordan and ShaMiracle J. Rankin's Emergency Motion to File Documents Under Seal. (Doc. 1). Plaintiffs represent that sealing is necessary to prevent the "issu[ance] of a public statement critical of Plaintiffs in the midst of a contentious election after voting has already begin." (Doc. 1 at 3). Plaintiffs request leave to file the following documents under seal: (1) Plaintiffs' Verified Complaint, (2) Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, (3) Plaintiffs' Motion for An Expedited Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (*Id.* at 1–2).[1]

In both civil and criminal cases, courts recognize a presumption in favor of public access to court records that is grounded in "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *see Nixon v. Warner*

---

[1] The Court rules on Defendant's Motion pursuant to Local Rule 7.7, which states that "such other motions . . . which the Court may clearly determine from the record before it the relative legal positions of the parties" may be considered by the Court immediately after filing. M.D. Ga. L.R. 7.7. "Objections to the motion[] will be entertained even after entry of an order on the motion, however. Any party desiring to submit an objection to . . . the foregoing motion[] must file a written objection within seven (7) days after service of the motion." *Id.*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). A party may overcome this presumption, however, by demonstrating "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005). Courts may restrict access to court filings if a litigant establishes "a sound basis or legitimate need to take judicial action" preventing public disclosure. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Moreover, restricting access to court filings may be warranted when "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1243, 1246 (11th Cir. 2007).

"In deciding whether an interest is sufficient to warrant sealing part of the record, the district court must consider, among other factors . . . the degree and likelihood of injury if the information were released[.]" *United States v. Castillo*, 730 F. App'x 892, 893 (11th Cir. 2018). In light of Plaintiff's representation that the matter touches on the potential issuance of a public statement critical of Plaintiffs in the midst of a contentious election and that the request is narrowly tailored and temporary, there is a "legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 356. Accordingly, temporarily sealing the requested pleading, motions, and responses is appropriate.

It is hereby **ORDERED** that Plaintiffs' Verified Complaint, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, Plaintiffs' Motion for An Expedited Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, and any responses thereto shall be filed under seal. The seal is temporary and shall be lifted at such time as the Court deems appropriate.

**SO ORDERED**, this 1st day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2