FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **Jennifer Auer Jordan**, and **ShaMiracle J. Rankin,**<br><br>        Plaintiffs,<br><br>  vs.<br><br>**Victoria S. Darrisaw, James Coursey, Jr.,** and **Warren Selby,** in their official capacities as members of the Special Committee on Judicial Election Campaign Intervention of the Judicial Qualifications Commission,<br><br>        Defendants. | Case No. _____<br><br><br>**Verified Complaint**<br><br>**FILED UNDER SEAL** |

**Nature of the Case**

1.     This is a constitutional challenge to Georgia's Code of Judicial Conduct in the context of a hotly contested race for two seats on Georgia's Supreme Court.

2.     The plaintiffs are Jennifer Auer Jordan and ShaMiracle J. Rankin, two current candidates for Justice of the Supreme Court of Georgia. Both have made women's health a central focus of their campaigns. They allege that certain parts of the Code of Judicial Conduct, as applied to them

**FILED UNDER SEAL**

by Georgia's Judicial Qualifications Commission, violate Free Speech rights guaranteed to them by the First and Fourteenth Amendments to the United States Constitution. The plaintiffs seek declaratory and injunctive relief prohibiting state officials from enforcing the Code in a manner that violates their constitutional rights.

## Jurisdiction and Venue

3.    This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331, 1343(a)(3)–(4).

4.    Venue is proper in this Court under 28 U.S.C. §§ 90(b)(1) and 1391(b).

## Parties

5.    Plaintiff Jennifer Auer Jordan is a Georgia resident and registered voter. She is an attorney and a member of the State Bar of Georgia. She is a duly qualified candidate for Justice of the Supreme Court of Georgia.

6.    Plaintiff ShaMiracle J. Rankin is a Georgia resident and registered voter. She is an attorney and a member of the State Bar of Georgia. She is a duly qualified candidate for Justice of the Supreme Court of Georgia.

**FILED UNDER SEAL**

7.      Defendants Victoria S. Darrisaw, James Coursey, Jr., and Warren Selby are the members of the Special Committee on Judicial Election Campaign Intervention of the Judicial Qualifications Commission, which is the body responsible for dealing with alleged violations of the Code of Judicial Conduct in campaigns for judicial office. They are sued in their official capacities only.

## Background

8.      Justices of the Supreme Court of Georgia are elected by popular vote to six-year terms in nonpartisan elections. Ga. Const., art. VI, § VII, ¶ I(a).

9.      Georgia's Judicial Qualifications Commission ("JQC"), operating through its Special Committee on Judicial Election Campaign Intervention ("Special Committee"), monitors judicial elections for compliance with Canon 4 of Georgia's Code of Judicial Conduct.

10.     Canon 4 of Georgia's Code of Judicial Conduct generally prohibits judges from engaging in "[p]olitical [a]ctivity [i]nappropriate [t]o [t]heir [j]udicial [o]ffice." Ga. Code Jud. Conduct Canon 4.

11.     Rule 4.1 of the Code of Judicial Conduct addresses "Political Conduct in General." Ga. Code Jud. Conduct R. 4.1.

12.     Rule 4.1(A)(2) of the Code of Judicial Conduct provides that a "judicial candidate for public election to judicial office shall not . . . publicly

3

**FILED UNDER SEAL**

endorse another candidate for public office . . . ." Ga. Code Jud. Conduct R. 4.1(A)(2).

13.    Rule 4.2 of the Code of Judicial Conduct addresses "Campaign Conduct." Ga. Code Jud. Conduct R. 4.2.

14.    Rule 4.2(A)(2) of the Code of Judicial Conduct provides that judicial candidates "shall not make statements or promises that commit the candidate with respect to issues likely to come before the court that are inconsistent with the impartial performance of the adjudicative duties of judicial office." Ga. Code Jud. Conduct R. 4.2(A)(2).

15.    Rule 4.2(A)(3) of the Code of Judicial Conduct provides that judicial candidates "shall not use or participate in the publication of a false statement of fact, or make any misleading statement concerning themselves or their candidacies, or concerning any opposing judicial candidate or candidacy, with knowledge of the statement's falsity or with reckless disregard for the statement's truth or falsity." Ga. Code Jud. Conduct R. 4.2(A)(3).

16.    JQC Rule 29 is the mechanism through which the JQC enforces Rule 4 during judicial elections.

17.    Rule 29 provides that in every year in which a general election is held, the Chair of the JQC shall name three JQC members to the Special Committee "whose responsibility shall be to deal expeditiously with

4

**FILED UNDER SEAL**

allegations of ethical misconduct in campaigns for judicial office." Ga. R. Jud. Qual. Comm'n 29(A).

18.     During judicial election campaigns, the Director of the JQC forwards to the Special Committee all complaints received by the JQC that facially indicate a violation of Canon 4 by a judicial candidate. *Id.* R. 29(B).

19.     If the Special Committee determines that further investigation is necessary, it requests a response from the subject of the complaint within three business days. *Id.*

20.     If, after further investigation, the Special Committee determines that the allegations warrant speedy intervention, the Special Committee may issue a public statement setting out the violations believed to exist and/or refer the matter to a full investigative panel of the JQC for further action. *Id.*

21.     If the investigative panel of the JQC determines after a full investigation that violations of the Code exist, the panel can impose a variety of sanctions, including removal or suspension from office, censure, public reprimand, and "other appropriate disciplinary action." *Id.* R. 6(B); see also *id.* R. 17(D).

## The JQC's Investigation of Plaintiff Jordan

22.     On Monday, April 27, 2026, the Director of the JQC notified Plaintiff Jordan by letter that a complaint had been initiated against her for statements she made during her campaign.

5

**FILED UNDER SEAL**

23.    A true and correct copy of the notice letter to Plaintiff Jordan is attached hereto as Exhibit 1.

24.    The letter alleges that certain statements or comments made by Jordan during her campaign violate Rules 4.1(A)(2), 4.2(A)(2), and 4.2(A)(3) of the Code of Judicial Conduct, and Canon 4 of the Code.

25.    The letter alleges that Plaintiff Jordan has appeared in a joint campaign commercial with Plaintiff Rankin that is circulating on television and social media platforms, and that the commercial contains statements that violate Rules 4.1(A)(2), 4.2(A)(2), and 4.2(A)(3). The statements identified in the letter include the following:

> *We're running for Georgia Supreme Court to fight for what's fair.*
>
> *We've taken on big corporations and insurance companies that profit off your pain.*
>
> *And taken down child predators and domestic abusers that threaten your safety.*
>
> *We've fought and we've won.*
>
> *We'll fight for you.*

26.    The end of the joint commercial displays the plaintiffs' names together and notes "PAID FOR BY FRIENDS OF JEN JORDAN. PAID FOR BY MIRACLE FOR GEORGIA." Ex. 1 at 2.

27.    The letter alleges that Plaintiff Jordan has jointly appeared at events related to reproductive freedom with Plaintiff Rankin, where Jordan

6

**FILED UNDER SEAL**

has spoken to attendees, conveying that she will "RESTORE ABORTION RIGHTS," in violation of Canon 4 and Rules 4.1(A)(2), 4.2(A)(2), and 4.2(A)(3). Ex. 1 at 2.

28.    The letter alleges that Plaintiff Jordan, and/or those subject to her direction and control working or volunteering for her campaign, have shared an endorsement by "Reproductive Freedom for All," an organization that "FIGHT[S] FOR REPRODUCTIVE FREEDOM" by "work[ing] at both the state and national level to pass proactive policies for reproductive freedom and hold ani[ti]-abortion extremists accountable," in violation of Canon 4 and Rule 4.2(A)(2). The endorsement characterizes Jordan as "A champion for reproductive freedom!" Ex. 1 at 3.

29.    The letter alleges that Plaintiff Jordan, and/or those subject to her direction and control working or volunteering for her campaign, have shared an endorsement by "EMILYs LIST," an organization that "work[s] to elect Democratic pro-choice women up and down the ballot and across the country with a goal of fighting for our rights and our communities," in violation of Canon 4 and Rule 4.2(A)(2). Ex. 1 at 3.

30.    In the letter, the Special Committee asks Jordan to respond to the allegations by Thursday, April 30, 2026, at 5:00 p.m. Ex. 1 at 3.

FILED UNDER SEAL

## The JQC's Investigation of Plaintiff Rankin

31.    On Monday, April 27, 2026, the Director of the JQC also notified Plaintiff Rankin by letter that a complaint had been initiated against her for statements she made during her campaign.

32.    A true and correct copy of the notice letter to Plaintiff Rankin is attached hereto as Exhibit 2.

33.    The letter alleges that certain statements or comments made by Rankin during her campaign violate Rules 4.1(A)(2), 4.2(A)(2), and 4.2(A)(3) of the Code of Judicial Conduct, and Canon 4 of the Code.

34.    The letter alleges that Plaintiff Rankin has appeared in the same joint campaign commercial with Plaintiff Jordan, and that the same statements made in that commercial violate Rules 4.1(A)(2), 4.2(A)(2), and 4.2(A)(3) as to Rankin.

35.    The letter alleges that Plaintiff Rankin has jointly appeared at events related to reproductive freedom with Plaintiff Jordan, where she has conveyed that she will "RESTORE ABORTION RIGHTS," and that footage and photographs from such events have been shared on social media platforms by Rankin and/or those subject to her direction and control working or volunteering for her campaign, in violation of Canon 4 and Rules 4.1(A)(2), 4.2(A)(2), and 4.2(A)(3). Ex. 2 at 2.

8

FILED UNDER SEAL

36.     The letter alleges that Plaintiff Rankin, and/or those subject to her direction and control working or volunteering for her campaign, have shared an endorsement by "Reproductive Freedom for All," an organization that "FIGHT[S] FOR REPRODUCTIVE FREEDOM," in violation of Canon 4 and Rule 4.2(A)(2). Ex. 2 at 3.

37.     The letter alleges that Plaintiff Rankin, and/or those subject to her direction and control working or volunteering for her campaign, have shared an endorsement by "EMILYs LIST," in violation of Canon 4 and Rule 4.2(A)(2). Ex. 2 at 3.

38.     In the letter, the Special Committee asks Rankin to respond to the allegations by Thursday, April 30, 2026, at 5:00 p.m. Ex. 2 at 3.

## Self-Censorship and Credible Threat of Prosecution

39.     The plaintiffs have made no public statements about the JQC's complaints against them, and they have not publicized the allegations in the notice letters.

40.     Since receiving the notice letters from the JQC, both Plaintiff Jordan and Plaintiff Rankin have engaged in self-censorship of their campaign speech. Each of them has refrained from making statements, sharing endorsements, and engaging in campaign activities that they would otherwise make and engage in but for their reasonable fear that doing so

9

**FILED UNDER SEAL**

would subject them to further enforcement action by the JQC and the Special Committee.

41.    There is a credible threat that the Special Committee and the JQC will prosecute the plaintiffs if they engage in the campaign speech identified in the notice letters or in materially similar speech. The Special Committee has determined that the allegations warrant further investigation. The rules at issue authorize sanctions including public reprimand, censure, suspension, and removal from office. And the defendants have given no indication that they will not pursue such sanctions if the plaintiffs continue to engage in the campaign speech identified in the notice letters or in materially similar speech.

42.    The threatened enforcement and the resulting self-censorship are causing the plaintiffs ongoing and irreparable injury to their First Amendment rights.

## Claim One

43.    Canon 4 and Rules 4.2(A)(2) and 4.2(A)(3) of Georgia's Code of Judicial Conduct, as applied to the plaintiffs by the Special Committee, and Rule 4.1(A)(2) of Georgia's Code of Judicial Conduct, as applied by the Special Committee to the plaintiffs' joint campaign commercial and their joint appearances at events related to reproductive freedom, violate rights

**FILED UNDER SEAL**

guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

44.    A real and actual controversy exists between the parties.

45.    The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

46.    The plaintiffs are suffering irreparable harm from the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1) enter a declaratory judgment that Canon 4 and Rules 4.2(A)(2) and 4.2(A)(3) of Georgia's Code of Judicial Conduct, as applied to the plaintiffs by the Special Committee, violate rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution;

(2) enter a declaratory judgment that Rule 4.1(A)(2) of Georgia's Code of Judicial Conduct, as applied by the Special Committee to the plaintiffs' joint campaign commercial and their joint appearances at events related to reproductive freedom, violates rights guaranteed to

11

**FILED UNDER SEAL**

the plaintiffs by the First and Fourteenth Amendments to the United States Constitution;

(3) enjoin the defendants from enforcing Canon 4 and Rules 4.2(A)(2) and 4.2(A)(3) of Georgia's Code of Judicial Conduct against the plaintiffs in connection with the campaign statements and conduct identified in the April 27, 2026, notice letters;

(4) enjoin the defendants from enforcing Rule 4.1(A)(2) of Georgia's Code of Judicial Conduct against the plaintiffs in connection with the plaintiffs' joint campaign commercial and their joint appearances at events related to reproductive freedom;

(5) award the plaintiffs the costs of this action together with their reasonable attorneys' fees under 42 U.S.C. § 1988; and

(6) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of the Court be necessary and proper.

**FILED UNDER SEAL**

Respectfully submitted this 30th day of April, 2026.

**/s/ Roy E. Barnes**
Roy E. Barnes
Georgia Bar No. 039000
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060
(770) 419-8505
roy@barneslawgroup.com

**/s/ S. Lester Tate, III**
S. Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

**/s/ Bryan L. Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

**/s/ W. Matthew Wilson**
W. Matthew Wilson
Georgia Bar No. 392385
Bell Wilson Law, LLC
750 Piedmont Avenue NE
Atlanta, Georgia 30308
(678) 916-8758
matthew@bellwilsonlaw.com

*Attorneys for the Plaintiffs*

13

**FILED UNDER SEAL**

## Verification of Plaintiff Jennifer Auer Jordan

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the allegations in the foregoing Verified Complaint are true and correct to the best of my knowledge, information, and belief.

Executed this ⎽30th⎽ day of April, 2026.

_____

Jennifer Auer Jordan

14

## Verification of Plaintiff ShaMiracle J. Rankin

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the allegations in the foregoing Verified Complaint are true and correct to the best of my knowledge, information, and belief.

Executed this 30th day of April, 2026.

ShaMiracle J. Rankin