## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

JENNIFER AUER JORDAN and : 
SHAMIRACLE J. RANKIN, :

    Plaintiffs, :

v. :      CASE NO.: 1:26-CV-57 (LAG)

VICTORIA S. DARRISAW, *et al.*, :

    Defendants. :

_____ :

## ORDER

Before the Court considers the merits of this case, the Court *sua sponte* requests briefing on *forum non conveniens* and Plaintiffs' venue choice.

## BACKGROUND

On May 1, 2026, Plaintiffs filed a Complaint (Doc. 5) alleging a violation of First Amendment rights by Defendants—in Defendants' *official capacities* as "Special Committee" members for the Judicial Election Campaign Intervention of the Judicial Qualifications Commission (JQC).[1] Plaintiffs are candidates for Justice of the Supreme Court of Georgia and practice law in the Atlanta metro-area.[2] The JQC's mailing address and office are located in Atlanta. Plaintiffs claim venue in the Middle District of Georgia under 28 U.S.C. §§ 90(b)(1) and 1391(b). (Doc. 5 ¶ 4).

## LEGAL STANDARD

In general, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1]     Plaintiffs filed a Motion for Expedited Hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6); and a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 7). The Court will address those motions in due course.

[2]     State Bar of Georgia, *Member Directory*, http://www.gabar.org/member-directory (last visited May 3, 2026).

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b). Section 1391 further discusses the residency requirements for a natural person, entities, corporations, the government, and foreign states. From the face of the Complaint—the asserted actions took place in Atlanta, Georgia, located in the Northern District of Georgia. Doc. 5 at 2–9; *see* 28 U.S.C. § 90(a)(2); *United States v. Males*, 715 F.2d 568, 570 n.2 (11th Cir. 1983) (taking judicial notice that the City of Miami was in Dade County, Florida).

Irrespective if the court has venue, the doctrine of *forum non conveniens* allows a court to balance the interests "of the parties and the court, and the interests of justice" to determine if the case "should be tried in another forum." *Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003) (quoting *Sibaja v. Dow Chem. Co.*, 757 F.2d 1215, 1218 (11th Cir.1985)); *see* 28 U.S.C. § 1404. When determining *forum non conveniens*, the Court considers where the alleged acts occurred, the location of plaintiff when those acts occurred, and plaintiff's reputation in the community. *Ford*, 319 F.3d at 1308. The Court further considers how damages would be measured—the community involved in the case, the location of evidence, and the location of the dispute. *Id.* From the face of the Complaint, there is no nexus with the Middle District of Georgia—Albany Division.

Before transferring a case, a court must provide plaintiffs with an opportunity to provide further information. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

## CONCLUSION

Accordingly, Plaintiffs are hereby **ORDERED** to provide more information about where the acts asserted in the Complaint took place and the parties' residencies by **close of business** on **Tuesday, May 5, 2026**.

**SO ORDERED**, this 4th day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3