**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JENNIFER AUER JORDAN, and, ) | |
| SHAMIRACLE J. RANKIN, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 1:26-CV-0057 (LAG) |
| ) | |
| VICTORIA S. DARRISAW, ) | |
| JAMES COURSEY, JR., and ) | |
| WARREN SELBY, ) | |
| ) | |
| Defendants. ) | |

## ATLANTA JOURNAL-CONSTITUTION'S MOTION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING THE SEALING OF COURT RECORDS AND THE CLOSURE OF HEARINGS

Non-party The Atlanta Journal-Constitution (the AJC) respectfully moves to intervene in this action for the limited purpose of opposing the sealing of court records and the potential closure of hearings.

## INTRODUCTION

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Maintaining an open court system is an instrumental part of preserving the free flow of information in a democracy. The need for the free flow of information reaches its apex in advance of an election.

Notwithstanding this common-sense principle, the Plaintiffs in this action, candidates for Georgia's highest court, have effectively been forced to file their pleadings in this action under seal in order to protect their "standing" to challenge government action.  The AJC acknowledges the district court's opinion in *Barrow v. Hydrick*, No. 1:24-cv-1975-MLB, 2024 WL 2216834 (N.D. Ga. May 16, 2024).  The AJC respectfully asserts the district court's reasoning in *Barrow* was and is in conflict with the well-established body of precedent requiring public filings and open hearings.

The district court's flawed reasoning in *Barrow* should not be followed by this Court.  Instead, under well-established constitutional precedent, the Court should lift the preliminary seal it authorized in this case and require the parties to litigate this matter in an open and public manner.  The First Amendment demands this result, and the voters of Georgia deserve no less.

## ARGUMENT

**I.    The AJC Has Standing to Intervene for a Limited Purpose.**

The U.S. Supreme Court has made clear that the public and the press have a right to challenge the closure of court records and proceedings, holding that "representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'" *Globe Newspapers Co. v. Superior Court*, 457 U.S. 596, 609 n. 25 (1982) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401 (1979) (Powell, J., concurring)).

Based on this authority, the Eleventh Circuit has repeatedly recognized the right of media organization to intervene in circumstances such as these. *See Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170 (11th Cir. 2019) ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records."); *Brown*, 960 F.2d at 1016 ("Because it is the rights of the public … that are at state, any member of the public has standing to … unseal the court file in the event a record has been improperly sealed.").

The AJC's intervention is solely for the limited purpose of opposing the sealing of records and the closure of hearings.

## II.    The Continued Sealing of Court Records in this Action is Improper.

Pursuant to the First Amendment to the United States Constitution and well-established federal case law, the public's presumptive right of access to judicial proceedings and records is beyond dispute. *See generally Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press-Enterprise II*"); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) ("*Press-Enterprise I*"); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987) ("There is no question that

the press and the public jointly possess a common-law right to inspect and copy judicial records and public documents.").

As the Eleventh Circuit explained in an opinion by then Chief Judge Roney, "open judicial proceedings serve many important purposes." *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983). Among the many benefits of access are: "informed public opinion critical to effective self-government," "public understanding of the legal process and citizens' rights within it," "heighten[ed] respect for the judicial process[,] by fostering an appearance of fairness," and providing "security for testimonial trustworthiness." *Id.* (citations omitted). As such, any party seeking to seal records must overcome that presumption with arguments "supported by the record." *Id.* at 803; *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-11 (11th Cir. 2001) (court's decision sealing records must be supported "by findings of fact"); *U.S. v. Ocho-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (reversing sealing orders which failed to "articulate[ ] the reason for the closure or the evidence that supported the need for closure").

Here, numerous factors weigh heavily in favor of public access. This action involves candidates for the most senior judicial positions in Georgia. They are contesting threatened official conduct by a Georgia government agency that allegedly seeks to regulate their speech. The AJC moves to unseal the records in this action for a legitimate purpose – informing the

- 4 -

public about a lawsuit that directly addresses the freedom of candidates for public office to speak on matters of public concern as they campaign.  If, as Plaintiffs allege, the JQC "has started a process that could result in the issuing of a public statement critical of Plaintiffs," Georgia voters have a right to know this information to determine for themselves whether the candidates or the JQC is in the wrong.

Based on *Barrow*, Plaintiffs assert that sealing is warranted to prevent disclosure of a potential JQC statement that may be "critical" of them. However, this argument is squarely at odds with longstanding precedent. Repeatedly, courts have held that evidence that court records may harm a litigant's reputation – even a private litigant's reputation who has not chosen to seek public office – is insufficient to justify closure.  In *Wilson v. American Motors Corp.* the Eleventh Circuit emphasized this point, noting a showing that "information would harm [defendant's] reputation is not sufficient to overcome strong common-law presumption in favor of public access to court proceedings and records." *Wilson v. American Motors Corp.* 759 F.2d 1568, 1570-71 (11th Cir. 1985).  Since *Wilson*, this principle has been applied broadly in this Circuit with respect to both individuals and entities seeking to seal records based on reputational concerns.  *See generally Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1364 (11th Cir. 2021) ("To be sure, [the defendant's] eagerness to keep the documents secret is

- 5 -

understandable; we are certain that these are not the first litigants to wish they had been more circumspect in their emails. But [their] reasoning boils down to a desire to keep indiscreet communications out of the public eye, which is not enough to satisfy our standard for good cause."); *Jackson v. Deen*, No. CV412-139, 2013 WL 1911445, at *2 (S.D. Ga. May 8, 2013) ("personal embarrassment and general, reputation-damaging information typically do not justify sealing" (collecting cases)).

The fact that Plaintiffs are public officials seeking higher office only reinforces the importance of openness here. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2017) (noting in assessing a request to seal, the court should consider "whether the information concerns public officials or public concerns"). This case does not involve highly personal or proprietary information. To the contrary, it concerns public officials acting in their public capacity. It is precisely the type of case that should be public from the outset. *Cf. Thibadeau v. Crane*, 131 Ga. App. 591, 593-94 (1974) ("One who is a public official or who is a candidate for public office must subject himself to the criticisms of both the press and the public for his conduct of the political campaign or of the office which he holds.").

## III.     The Court Should Reject *Barrow*.

Plaintiffs request for sealing here is understandable given the district court's decision in *Barrow*, but the reasoning of *Barrow* was flawed. It cannot

be squared with presumption of public access, and it should not guide this Court.

In *Barrow*, the district court held that the plaintiff had sacrificed his standing to assert First Amendment claims against the JQC by filing his complaint and TRO motion publicly.  However, nowhere in the district court's decision did the court even attempt to explain how sealing of these filings could have been justified under Eleventh Circuit precedent.  *See Barrow v. Hydrick*, No. 1:24-cv-1975-MLB, 2024 WL 2216834, *2-3 (N.D. Ga. May 16, 2024) (concluding that plaintiff "chose to announce the allegations against him" but failing to explain any good faith basis to authorize sealing).

Additionally, nowhere in the *Barrow* opinion does the court explain how standing can be sacrificed if a party honors the obligation to litigate actions in the open.  Indeed, invasion of privacy and defamation actions are commonplace examples of legal claims brought over allegedly harmful speech that are consistently and appropriately litigated in public in our court system, but the logic of *Barrow* would suggest standing is lost unless such actions are systematically sealed.  In fact, the Eleventh Circuit has repeatedly found litigants bringing such actions must not only file their claims publicly, but they must also do so without employing a pseudonym.  *See, e.g., Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) ("Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases

- 7 -

involving matters of a highly sensitive and personal nature.... The risk that a plaintiff may suffer some embarrassment is not enough.").

## IV.   Closure of Hearings in this Action is also Not Warranted.

The public's right of access to the court system relates not only to court records but to hearings as well.

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Waller v. Georgia*, 467 U.S. 39, 45 (1984) (quoting *Press-Enterprise I*, 464 U.S. at 510).

Plaintiffs' motion for a preliminary injunction is an extraordinary request.  Candidates for Georgia's highest court are asking this Court to silence the Georgia regulatory body the supervises judges, including their conduct during campaigns.  It is a hearing that is quintessentially about a matter of public concern.

In the event Plaintiffs move to close the hearing, the AJC respectfully requests that the motion be denied.  All hearings in this matter should be open.

## CONCLUSION

For the foregoing reasons, the AJC requests that the Court grant it leave to intervene, unseal the parties' respective filing in this case and conduct any hearings in open court so they are accessible to the public and press.

Respectfully submitted, May 8, 2026.

/s/Thomas M. Clyde
Thomas Clyde (Ga. Bar 170955)
tclyde@ktslaw.com
Joe P. Reynolds (Ga. Bar 358795)
jreynolds@ktslaw.com
**KILPATRICK TOWNSEND**
 **& STOCKTON LLP**
1100 Peachtree St., Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for The Atlanta Journal-Constitution*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2026, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

> */s/Thomas M. Clyde*
> Thomas M. Clyde
> **KILPATRICK TOWNSEND**
> **& STOCKTON LLP**
> 1100 Peachtree St., Suite 2800
> Atlanta, GA 30309-4530
> Telephone: (404) 815-6500
> Facsimile: (404) 815-6555