IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **Jennifer Auer Jordan**, and **ShaMiracle J. Rankin**, | Case No. 1:26-cv-00057-LAG |
| Plaintiffs, | |
| vs. | **Plaintiffs' Reply in Support of Their Motion to Seal** |
| **Victoria S. Darrisaw**, et al., | |
| Defendants. | |

The defendants' response treats this case as if it were an ordinary dispute over politically inconvenient pleadings. It is not. The plaintiffs moved to seal because unsealing could extinguish the Court's jurisdiction over their constitutional claims. The defendants do not engage that argument at all. They cite the six-factor balancing test from *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007), and contend that every factor favors unsealing. (Resp. 5–10.) But the first *Romero* factor is "whether allowing access would impair court functions," *id.*, and there is no greater impairment of a court's function than the loss of its power to decide the case before it.

1

## I.   Unsealing would impair the Court's most basic function: deciding the case.

The defendants concede that *Romero* governs and that "impair[ing] court functions" is the first factor in the analysis. (Resp. 6.) They then say, in a single conclusory sentence, that "unsealing the record would not 'impair court functions,' and the [plaintiffs] do not claim it would." (*Id.*) That is wrong. The plaintiffs' motion is built on precisely that claim. The motion explains that publicizing the JQC's allegations would jeopardize the plaintiffs' Article III standing under *Barrow v. Hydrick*, No. 1:24-cv-1975-MLB, 2024 U.S. Dist. LEXIS 88087, at *8–11 (N.D. Ga. May 16, 2024), and that a loss of standing could deprive this Court of jurisdiction over the plaintiffs' constitutional claims. (Doc. 1 at 4.)

That is not a peripheral injury to the plaintiffs alone. It is a direct impairment of the Court's ability to perform its core function—adjudicating a live case or controversy. Article III "limit[s]" federal jurisdiction to "Cases" and "Controversies," *Barrow*, 2024 U.S. Dist. LEXIS 88087, at *7, and a federal court without jurisdiction cannot decide the merits at all. If unsealing the record would moot the plaintiffs' standing, it would force this Court to dismiss claims it would otherwise have the power to resolve—including a pending request for emergency injunctive relief that turns on important questions of First Amendment law during an active election. No "court

function" is more fundamental than the power to hear and decide a case properly before it.

The defendants' silence on this point is telling. They do not dispute that *Barrow* dismissed a materially identical claim for lack of standing because the plaintiff there "chose to announce the allegations against him" rather than filing under seal. *Barrow*, 2024 U.S. Dist. LEXIS 88087, at *9. They do not dispute that the plaintiffs here have done what *Barrow* said the plaintiff there should have done. And they do not dispute that, if the seal is dissolved, the defendants will almost certainly argue—as they did in *Barrow*—that the plaintiffs have forfeited their standing by publicizing the JQC's allegations.

*Callahan v. United Network for Organ Sharing*, 17 F.4th 1356 (11th Cir. 2021), confirms that the *Romero* factors are not a closed list. The Eleventh Circuit there described "a number of important questions" that bear on the good-cause analysis, *id.* at 1363, and recognized that district courts have broad discretion in weighing them, *id.* at 1364. A concrete risk that public access will eliminate this Court's jurisdiction is exactly the kind of weighty, case-specific consideration that *Callahan* contemplates. *Callahan* itself involved nothing of the sort: the records there were "potentially-embarrassing internal email communications" with no jurisdictional consequence whatsoever. *Id.* at 1357.

3

## II.   The remaining *Romero* factors do not save the defendants' position.

Because the loss-of-jurisdiction concern is dispositive, the Court need go no further. But the defendants' treatment of the other *Romero* factors also overreads them.

The defendants insist that the plaintiffs' alleged injury is merely "speculative" because the JQC "*could* result in the issuing of a public statement." (Resp. 7 (emphasis in original).) That misframes the harm. The relevant harm for sealing purposes is not the JQC's future public statement; it is the present consequence that unsealing could have on the plaintiffs' standing. That consequence is not speculative. It follows directly from *Barrow*'s holding that a plaintiff who "chose to announce the allegations against him" lacks an injury sufficient to sustain Article III jurisdiction. 2024 U.S. Dist. LEXIS 88087, at *9.

The defendants also invoke *Williams-Yulee v. Florida Bar*, 575 U.S. 433 (2015), to suggest that judicial candidates have diminished First Amendment interests. (Resp. 7–9.) But *Williams-Yulee* concerned the merits of a First Amendment challenge to a particular speech restriction. It says nothing about whether a federal court should seal a record to preserve its own jurisdiction. The plaintiffs' claim that unsealing would impair court functions

4

does not depend on the strength of their First Amendment claim; it depends on the structural consequence of public disclosure for Article III standing.

Finally, the defendants argue that the plaintiffs offered no "less onerous alternative" to sealing. (Resp. 10.) The plaintiffs' motion proposed exactly such an alternative: a temporary seal that may be lifted "after the election has been conducted." (Mot. 4–5.) The Court adopted that approach in its existing order, which makes clear that the "seal is temporary and shall be lifted at such time as the Court deems appropriate." (Dkt. 4 at 2.) That is a narrowly tailored remedy responsive to the actual concern—preserving jurisdiction during a brief and discrete window—and the defendants identify nothing more tailored that would not eliminate it entirely.

## III.  Conclusion

The defendants' response treats the plaintiffs' standing concern as if it were an aside. It is the heart of the motion. Unsealing the record would impair this Court's most fundamental function: deciding a case properly before it. The Court should deny the defendants' request to dissolve the seal.

Respectfully submitted this 11th day of May, 2026.

**/s/ Roy E. Barnes**
Roy E. Barnes
Georgia Bar No. 039000
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060
(770) 419-8505
roy@barneslawgroup.com

**/s/ S. Lester Tate, III**
S. Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

**/s/ Bryan Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

**/s/ W. Matthew Wilson**
W. Matthew Wilson
Georgia Bar No. 392385
Bell Wilson Law, LLC
750 Piedmont Avenue NE
Atlanta, Georgia 30308
(678) 916-8758
matthew@bellwilsonlaw.com

*Attorneys for the Plaintiffs*