**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JENNIFER AUER JORDAN and SHAMIRACLE J. RANKIN, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :    CASE NO.: 1:26-CV-57 (LAG) |
| | : |
| VICTORIA S. DARRISAW, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7). The full reasoning of the Court will be issued forthwith. For brevity and the exigent circumstances of this case, Plaintiffs' Motion is **GRANTED in part**.

Plaintiffs' request the Court to "issue a temporary restraining order and preliminary injunction prohibiting the [D]efendants from continuing the investigation of the [P]laintiffs' campaign statements in the April 27, 2026 notice letters and from otherwise enforcing Canon 4 and Rules 4.1(A)(2), 4.2(A)(2), and 4.2(A)(3) of Georgia's Code of Judicial Conduct against the [P]laintiffs in connection with the campaign statements and conduct identified in those notice letters." (Doc. 7 at 33). "[S]peech about public issues and the qualifications of candidates for elected office commands the highest level of First Amendment protection." *Williams-Yulee v. Florida Bar*, 575 U.S. 443 (citing *Eu v. San Francisco County Democratic Central Comm.*, 489 U.S. 214, 223 (1989)).

A court may grant a Temporary Restraining Order (TRO) only if the movant demonstrates that "(1) [s]he has a substantial likelihood of success on the merits, (2) [s]he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse

to the public interest." *Long v. Sec'y*, 924 F.3d 1171, 1176 (11th Cir. 2019) (citations omitted). A TRO is an "extraordinary remedy," and courts should "pay particular regard for the public consequences" of granting this type of remedy. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008). The focus always must be on prevention of injury by a proper order, not merely on preservation of the status quo." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).

Plaintiffs have demonstrated a likelihood of success on the merits of their claims, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiffs have established Defendants challenged conduct likely violates the Plaintiffs' First and Fourteenth Amendment rights. The possibility of Defendants issuing a public statement about possible violations of Canon 4 at a crucial time in Plaintiffs' respective campaigns would cause irreparable injury. The public has a right to hear the views of those who could potentially serve as Justices of the Supreme Court of Georgia. Defendants' enforcement authority is not harmed with a time limited restraining order restricting public statements on a confidential matter.

Pursuant to Federal Rule of Civil Procedure 65, TROs are limited to 14 days. Thus, this TRO will remain in effect for eight (8) days from the date of issuance. Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The amount of security required is a matter for the discretion of the trial court; it may elect to require no security at all." *Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 303 (5th Cir. 1978). The Court finds that no security is required at this point in the proceedings. Should Defendants make a showing that security is appropriate for the issuance of further injunctive relief, the Court will give further consideration to the matter of security.

It is **ORDERED** that Plaintiffs' request for a temporary restraining order is **GRANTED in part**, Defendants are enjoined from issuing a non-confidential Public Statement on the April 27, 2026 notice letter or the alleged violations.

In accordance with Rule 52(a)(2) of the Federal Rules of Civil Procedure, the Court will subsequently issue a Final Order setting forth its findings of fact and conclusions of law. The time from which to appeal the Court's decision shall run from the entry of the Court's Final Order.[1]

**SO ORDERED**, this 15th day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] This Order is filed under SEAL in accordance with the Court's May 1, 2026 Order (Doc. 4).