# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| **Jennifer Auer Jordan**, and **ShaMiracle J. Rankin**, <br><br> Plaintiffs, <br><br> vs. <br><br> **Victoria S. Darrisaw**, et al., <br><br> Defendants. | Case No. 1:26-cv-00057-LAG <br><br><br> **Plaintiffs' Emergency Motion to Unseal the Record** |

The plaintiffs respectfully move the Court to unseal the record in this action and to modify its May 1, 2026, sealing order (ECF 4) accordingly. The seal was entered at the plaintiffs' request to preserve the Court's ability to address the plaintiffs' constitutional claims before the Judicial Qualifications Commission of Georgia issued a Rule 29(F) public statement targeting their campaigns. The Court recognized that the seal was "temporary" and would "be lifted at such time as the Court deems appropriate." (ECF 4 at 2.) That time has arrived. At approximately 11:30 p.m. on May 17, 2026—about two hours after the Eleventh Circuit stayed this Court's temporary restraining order—the Commission issued Rule 29(F) public statements naming both

1

plaintiffs and reciting the allegations against them in detail. The seal's purpose is spent.

## Background

On May 1, 2026, the plaintiffs filed this action under 42 U.S.C. § 1983 to enjoin three members of the Special Committee on Judicial Election Campaign Intervention of the Judicial Qualifications Commission of Georgia from issuing a Rule 29(F) public statement accusing the plaintiffs of violating provisions of the Georgia Code of Judicial Conduct based on their joint advocacy in their separate campaigns for the Supreme Court of Georgia. The same day, the plaintiffs moved to file the verified complaint, the motion for a temporary restraining order, and the motion for an expedited hearing under seal, on the ground that public disclosure of the federal action before federal review could itself accomplish the harm the plaintiffs sought to enjoin. The Court granted the motion and ordered the requested documents "and any responses thereto" sealed. (ECF 4 at 2.) The Court further provided that "[t]he seal is temporary and shall be lifted at such time as the Court deems appropriate." (Id.)

After a sealed evidentiary hearing on May 13, 2026, the Court entered a temporary restraining order on May 15, 2026, enjoining only the Rule 29(F) public statement and leaving the Commission free to continue its preliminary investigation, refer the matter to the full Investigative Panel, and pursue

formal charges and post-election sanctions. (ECF 48.) The defendants filed a notice of appeal that designated only the temporary restraining order. (ECF 49.) On May 17, 2026, at approximately 9:30 p.m., a divided panel of the Eleventh Circuit granted the defendants' motion to stay the temporary restraining order pending appeal. At approximately 11:30 p.m. that same night, the Commission issued Rule 29(F) public statements naming both plaintiffs by name, summarizing the underlying allegations, and identifying the rules of the Georgia Code of Judicial Conduct that the plaintiffs are accused of violating. The election in which the plaintiffs are candidates is tomorrow, May 19, 2026.

## Argument

Federal court records carry a "presumption of public access." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); see also *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). Sealing is the exception. It requires "a sound basis or legitimate need to take judicial action," *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987), and must be "narrowly tailored to serve that interest," *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005). When the circumstances that justified a seal change, the court must revisit the

3

showing. The seal entered on May 1, 2026, no longer rests on any basis sufficient to overcome the presumption, for five reasons.

## I. The seal's standing-protection purpose is spent.

The Court entered the seal against the backdrop of *Barrow v. Hydrick*, No. 1:24-cv-01975, 2024 WL 2216834 (N.D. Ga. May 16, 2024)—a materially similar challenge dismissed on standing and *Younger* grounds after the Rule 29(F) public statement at issue there had already issued. The seal here was designed to prevent the same procedural defeat by ensuring that the federal court would have the opportunity to address the merits before the Commission's public statement was made. This Court did so. The Eleventh Circuit has now stayed the temporary restraining order, the Commission has issued its public statements, and the procedural concern the seal protected no longer exists. The harm that the seal was designed to forestall has occurred.

## II. The Commission has itself extinguished any state-law confidentiality interest.

By the Commission's own designation, the May 17 statements are "non-confidential public statement[s]" released under JQC Rule 29(B). The Commission has publicly identified both plaintiffs, recited the underlying allegations, and named the rules the plaintiffs are accused of violating. Whatever state-law confidentiality interest the federal seal was respecting— an interest the defendants have invoked at every prior stage of this case—has

4

been formally waived by the Commission itself. The federal courts should not preserve a confidentiality the State has abandoned.

## III. The public has a heightened interest in election-eve disclosure.

The election in which the plaintiffs are candidates is tomorrow. The Commission has injected its allegations into the public discussion of the candidacies. The presumption of public access exists in significant part to enable the public to scrutinize the conduct of official business. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (*Press-Enterprise II*); *Chi. Tribune*, 263 F.3d at 1311. That interest reaches its zenith when, as here, the State has publicly accused identified candidates of disqualifying misconduct in an election that has not yet been decided. The voters' interest in the federal-court record—including this Court's findings on the constitutional infirmities in the Commission's enforcement theory—is concrete and immediate.

## IV. Unsealing is necessary so that the public-access doctrine can function as intended.

The Commission has spoken publicly while the federal record remains sealed. A one-sided public narrative—official accusation by the State without public visibility into the federal-court response—is the precise circumstance the doctrine of openness is designed to prevent. The plaintiffs' ability to point to the federal-court record is the practical means by which the public-access

norm becomes operative in this case. Continued sealing would mean that the public sees only the Commission's accusations and not the Court's analysis of why those accusations are likely to fail under the First Amendment.

## V.    Unsealing facilitates further appellate review.

The plaintiffs intend to file an emergency application in the Supreme Court of the United States seeking to vacate the Eleventh Circuit's stay. The Supreme Court's docket is presumptively public. Continued sealing of the district-court record would either delay that filing while collateral sealing motions are litigated in the Supreme Court or require the plaintiffs to seek piecemeal relief there. Neither result serves the plaintiffs, the defendants, the federal courts, or the public.

## Conclusion

The plaintiffs respectfully request that the Court unseal the record in this action—including ECF 4 itself and every document filed under that seal—and that it do so by midday on Monday, May 18, 2026. The plaintiffs do not seek to retain any portion of the record under seal.

## Certificate of Conference

Counsel for the plaintiffs did not confer with counsel for the defendants before filing this motion. The parties have been adverse on every issue before this Court, and the time-sensitive nature of the relief requested—coupled

with the election scheduled for tomorrow—warrants proceeding without conferral. The plaintiffs do not anticipate that the defendants will oppose this motion, given that the Commission has itself publicly disclosed the underlying allegations.

Respectfully submitted, this 18th day of May, 2026.

**/s/ Roy E. Barnes**
Roy E. Barnes
Georgia Bar No. 039000
John R. Bartholomew
Georgia Bar No. 257089
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, Georgia 30060
(770) 419-8505
roy@barneslawgroup.com
jbartholomew@barneslawgroup.com

**/s/ S. Lester Tate, III**
S. Lester Tate, III
Georgia Bar No. 698835
Akin & Tate, PC
Post Office Box 878
11 South Public Square
Cartersville, Georgia 30120
(770) 382-0780
lester@akin-tate.com

**/s/ Bryan Sells**
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

**/s/ W. Matthew Wilson**
W. Matthew Wilson
Georgia Bar No. 392385
Bell Wilson Law, LLC
750 Piedmont Avenue NE
Atlanta, Georgia 30308
(678) 916-8758
matthew@bellwilsonlaw.com

*Attorneys for the Plaintiffs*

7