**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

JENNIFER AUER JORDAN and  :
SHAMIRACLE J. RANKIN,   :
            :
 Plaintiffs,      :
            :
v.           :  CASE NO.: 1:26-CV-57 (LAG)
            :
VICTORIA S. DARRISAW, JAMES  :
COURSEY JR., and WARREN SELBY, in :
their official capacities as members of the :
Special Committee on Judicial Election :
Campaign Intervention of the Judicial :
Qualifications Commission,   :
            :
 Defendants.     :
            :

## ORDER

Before the Court is the Parties' Joint Motion to Delay Issuance of Scheduling Order and to Stay Discovery (Doc. 72). Therein, the Parties move to stay discovery until the resolution of Defendant's Motion to Dismiss (Doc. 67). For the reasons stated below, the Parties' Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

This action was originally filed on May 1, 2026. (Doc. 5). Plaintiffs bring this action alleging violations of their First and Fourteenth Amendment rights based on Defendants application of certain parts of the Code of Judicial Conduct to Plaintiffs' speeches, campaign commercials, and social media posts. (Doc. 5 ¶¶ 1–2). On July 7, 2026, Defendants filed a Motion to Dismiss for Failure to State a Claim, mootness, and *Younger* abstention. (Doc. 67). The instant Joint Motion to Stay was filed on July 23, 2026. (Doc. 72).

District courts have broad discretion to determine whether to stay certain pretrial deadlines and discovery. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir.

2002). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). This does not, however, mean that discovery must be stayed as a matter of course whenever a defendant files a motion to dismiss. *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32(HL) 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008). Rather "[t]o determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). A "'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted" can help guide this determination. *Id.* (quoting *Feldman*, 176 F.R.D. at 652).

Based on the Court's preliminary review of the Complaint and the briefing submitted in connection with Defendants' Motion to Dismiss, a stay is appropriate in this case. Defendants have moved to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs' claims are now moot, *Younger* abstention bars any intervention by this Court, and Plaintiffs have failed to state a claim. (Doc. 67 at 10–22). Defendants contentions involve facial challenges to the legal sufficiency of Plaintiffs' claims, which if granted would either entirely dispose of Plaintiffs' claims and "entirely eliminate the need for such discovery" or, at a minimum, limit the scope and breadth of discovery going forward. *See Arriaga-Zacarias*, 2008 WL 4544470, at *1.

Accordingly, the Parties' Joint Motion to Delay Issuance of Scheduling Order and to Stay Discovery (Doc. 72) is **GRANTED**. All discovery, with the exception of depositions of Defendants' Representative Courtney Veal, Plaintiff Jennifer Auer Jordan, and Plaintiff Shamiracle J. Rankin, in this matter is **STAYED** pending the resolution of Defendant's Motion to Dismiss. (Doc. 67).

**SO ORDERED**, this 10th day of August, 2026.

2

<u>/s/ Leslie A. Gardner</u>
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**